UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANET LONG, individually and on behalf of all similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:15-cv-01924-LJM-DKL<br>) |
| FENTON & MCGARVEY LAW FIRM P.S.C., a Kentucky corporation, and JEFFERSON CAPITAL SYSTEMS, LLC, a Georgia limited liability company, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

This matter pends on the Defendants', Jefferson Capital Systems LLC's ("Jefferson Capital") and Fenton & McGarvey Law Firm P.S.C. ("Fenton & McGarvey," and collectively, the "Defendants"), Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Partial Judgment on the Pleadings (the "Motion").[1] Dkt. No. 46. In the Motion, Defendants seek to dismiss the Complaint filed by Plaintiff, Janet Long, individually and on behalf of all others similarly situated ("Plaintiff"), based on a lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), and based upon the pleadings, pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"). *Id.* Defendants assert that (1) Plaintiff lacks standing to bring a claim

---

[1] Jefferson Capital filed the Motion individually on June 7, 2016, Dkt. No. 46, and Fenton & McGarvey also moved to dismiss by adopting and incorporating Jefferson Capital's motion and briefs on June 10, 2016. Dkt. No. 53. For the purposes of this Order, the Court will treat these motions as one unified motion by the Defendants.

under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") because she (1) did not suffer a concrete injury in fact, and (2) fails to state a claim under the FDCPA upon which relief may be granted. *See generally*, Dkt. No. 47.

## I. BACKGROUND

In 2015, Plaintiff fell behind on credit card payments for credit cards created through Comenity Bank. Dkt. No. 1, ¶ 7. Plaintiff believes that Jefferson Capital acquired the debts she owed to Comenity Bank after her debts became delinquent. *Id.* After being hired by Jefferson Capital to help collect on the debts that Jefferson Capital owned, Fenton & McGarvey sent Plaintiff two initial form collection letters (the "Letters") on August 19, 2015, which state "Please be advised that Fenton & McGarvey Law Firm, P.S.C. has been retained by Jefferson Capital Systems, LLC to collect its account with you." *Id.* at ¶ 7; Ex. A & B. The Letters further declared that the "original creditor" for the debts was Comenity Bank. *Id.* The body of the Letters made no other references to Jefferson Capital, Comenity Bank, or Fenton & McGarvey. *Id.*

In her Complaint, Plaintiff alleges that the Letters failed to sufficiently explain (1) Jefferson Capital's relationship to the debts, (2) the distinction between Jefferson Capital and Comenity Bank, and (3) Jefferson Capital's reasoning for retaining Fenton & McGarvey to collects the debts. *Id.* at ¶ 7. In light of this lack of explanation, Plaintiff claims that the Letters would confuse a consumer and "would cause a consumer to not know to whom the debts were currently owed." *Id.* at ¶ 8. Plaintiff further alleges that the Letters violate 15 U.S.C. § 1692g of the FDCPA ("Section 1692g") because the Letters "failed to identify effectively that [Jefferson Capital] was the current creditor to whom the

debt was owed," rendering the Defendants liable to Plaintiff for statutory damages and other relief. Dkt. No. 1, ¶¶ 12-13.

## II. ARTICLE III STANDING

Defendants argue that Plaintiff lacks standing under Article III of the Constitution because Plaintiff failed to allege that she suffered a concrete injury in fact. Dkt. No. 47, at 9-16. Specifically, Defendants argue that Plaintiff did not allege that she incurred any actual harm resulting from the Defendants' alleged failure to clearly identify Jefferson Capital as the current creditor, *Id*. at 10, and that any claim of an injury is merely hypothetical rather than present or imminent. *Id*. at 16. Defendants rely heavily on the recent Supreme Court decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), to support their argument that Plaintiff lacks Article III standing. *Id*. at 3-5, 11-12.

"The jurisdiction of the federal courts is limited to 'Cases' and 'Controversies' as described in Article III, Section 2 of the Constitution." *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 587 (7th Cir. 2016). *See also*, *Spokeo*, 136 S. Ct. at 1547. If a plaintiff does not allege any case or controversy exists, the plaintiff lacks standing to challenge a defendant's alleged misconduct. *Diedrich*, 839 F.3d at 587. To meet "the 'irreducible constitutional minimum' of standing," a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). As the party seeking federal jurisdiction, the plaintiff bears the burden of establishing that these three elements are met. *See Spokeo*, 136 S. Ct. at 1547 (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)); *see also*, *Diedrich*, 839 F.3d at 588; *Apex Digital, Inc. v. Sears, Roebuck & Co.*,

3

572 F.3d 440, 443 (7th Cir. 2009).

In *Spokeo*, the plaintiff claimed that a consumer reporting agency operating a "'people search engine'" violated the Fair Credit Reporting Act of 1970 ("FCRA") by disseminating inaccurate credit information about the plaintiff. *Spokeo*, 136 S. Ct. at 1544. The Court in *Spokeo* primarily focused upon the injury in fact element to find Article III standing. To find that an injury in fact exists, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560, 112 S. Ct. 2130).

"A 'concrete' injury must be 'de facto': that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548. A concrete injury may either be a tangible or intangible harm. *Id.* at 1549; *see also*, *Diedrich*, 839 F.3d at 588. History and Congress can be instructive when finding whether an intangible harm constitutes an injury in fact. *Spokeo*, 136 S. Ct. at 1549. "Congress is well positioned to identify intangible harms that meet minimum Article III requirements" because it has the ability to define injuries and raise intangible harms that were previously inadequate under the law to the status of concrete, de facto injuries, "giving rise to a case or controversy where none existed before." *Id.* However, not every violation of a statutory right satisfies the injury-in-fact requirement for Article III standing. *Id.*; *see also*, *Diedrich*, 839 F.3d at 588. "Article III standing requires a concrete injury even in the context of a statutory violation"; therefore, merely alleging "a bare procedural violation, divorced from any concrete harm" will not satisfy the injury-in-fact requirement. *Spokeo*, 136 S. Ct. at 1549. *See also*, *Diedrich*, 839 F.3d at 588. While the Court in *Spokeo* stated that "[t]he violation of a procedural right granted by statute can be sufficient

4

in some circumstances to constitute an injury in fact," a "bare procedural violation" that does not result in any harm to the plaintiff does not satisfy the concreteness requirement for an injury in fact nor establish Article III standing. *Spokeo*, 136 S. Ct. at 1549-50.

Although the Seventh Circuit has not yet fully analyzed whether a violation of the FDCPA establishes a concrete injury under *Spokeo*, several district courts within the Seventh Circuit and other Circuit Courts have addressed this issue and have held that violations of the FDCPA constitute concrete injuries in fact, sufficient to find Article III standing. *See Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 994 (11th Cir. 2016); *George v. Wright, Lerch & Litow, LLP Attorneys at Law*, No. 1:15-cv-00811-JMS-DML, 2016 WL 6963990, at \*2-3 (S.D. Ind. Nov. 29, 2016); *Everett v. Fin. Recovery Servs., Inc.*, No. 1:16-cv-01806-JMS-MPB, at \*4 (S.D. Ind. Nov. 28, 2016); *Lane v. Bayview Loan Servicing, LLC*, No. 15-cv-10446, 2016 WL 3671467, at \*4 (N.D. Ill. July 11, 2016) (citing *Church*, 654 Fed. Appx. at 994); *Saenz v. Buckeye Check Cashing of Ill.*, No. 16-cv-06052, 2016 WL 5080747, at \*2 (N.D. Ill. Sept. 20, 2016) ("Congress gave consumers a legally protected interest in certain information about debts, and made the deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16-cv-2021, 2016 WL 4264967, at \*4-5 (N.D. Ill. Aug. 11, 2016); *Paz v. Portfolio Recovery Assocs., LLC*, No. 15-c-5073, 2016 WL 6833932, at \*2 (N.D. Ill. Nov. 21, 2016). Even prior to *Spokeo*, the Seventh Circuit found that the FDCPA created legal rights and injuries when the FDCPA is violated. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("With that specific disclosure requirement [in Section 1692g], Congress decided that the failure to make the disclosure is a failure the Act is meant to penalize"); *Keele v.*

*Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998) ("The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages. … [T]he Act is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not"); *see also*, *Mogg v. Jacobs*, No. 15-cv-1142-JPG-DGW, 2016 WL 1029396 (S.D. Ill. Mar. 15, 2016) (citing *Keele*, 149 F.3d at 593-94; *Sterk v. Redbox Automated Retail*, LLC, 770 F.3d 618, 623 (7th Cir. 2014)) (denying a motion to stay a case brought under the FDCPA pending the Supreme Court's decision in *Spokeo* because the alleged injuries were "arguably beyond a bare violation of the FDCPA").

While courts have found that violations of other statutes, such as the Cable Communications Policy Act ("CCPA") or FCRA, do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries. *See Tyus v. United States Postal Serv.*, No. 15-cv-01467, 2016 WL 6108942, at *5-6 (E.D. Wis. Oct. 19, 2016) (distinguishing *Church* because, unlike the FDCPA that entitles consumers to receive certain information, the violations of the FCRA alleged did not indicate that plaintiffs failed to receive any information to which they were entitled*); see also*, *Rasa Hayes v. Convergent Healthcare Recoveries, Inc.*, No. 14-1467, 2016 WL 5867818, at *4 (C.D. Ill. Oct. 7, 2016) ("Unlike *Spokeo*, where a 'violation of one of the FCRA's procedural requirements may result in no harm,' a violation of the right under [the FDCPA] to be free from false or misleading representations from debt collectors creates a harm, or a risk of harm, sufficient to meet the requirement of concreteness.").

Although the Defendants cite to *Gubala v. Time Warner Cable, Inc.*, No. 15-cv-1078-pp, 2016 WL 3390415 (E.D. Wis. June 17, 2016), to support its argument that

6

Plaintiff lacks Article III standing, Dkt. No. 63, at 4-10, *Gubala* addresses the CCPA rather than the FDCPA. Because *Gubala* discusses whether violations of the CCPA constitute concrete injuries, and does not consider violations of the FDCPA, the Defendants' reliance on *Gubala* in this instance is misplaced.

In this case, Plaintiff has Article III standing to bring her claims against the Defendants under the FDCPA. The FDCPA established a new right to receive required disclosures from debt collectors and a new injury for failure to receive such disclosures. *See Church*, 654 Fed. Appx. at 994; *George*, 2016 WL 6963990, at *2-3; *Saenz*, 2016 WL 5080747, at *2. Plaintiff alleges that she received deficient and misleading information regarding her debts, which is a "harm defined and made cognizable" by the FDCPA. *Saenz*, 2016 WL 5080747, at *2. Because the alleged injury is a defined and cognizable harm under the FDCPA, it is more than a bare procedural violation of the statute. Therefore, the harm alleged by Plaintiff is a concrete injury in fact sufficient to find Article III standing.

### III. FAILURE TO STATE A CLAIM

Having established that Plaintiff has standing under the FDCPA, the Court now turns to Defendants' claim that Plaintiff failed to state a claim, pursuant to Rule 12(c). In the Complaint, Plaintiff asserts that the Letters are confusing because they do not clearly communicate the current creditor that owns Plaintiff's debts. Dkt. No. 1, ¶¶ 7-8. Defendants argue that because the Letters contain the name of the current creditor and communicate the current creditor in a sufficiently clear manner, Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted. Dkt. No. 47, at 17-22.

The Court decides motions brought under Rule 12(c) by the same standard as that for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003). The Court may consider only the pleadings and must view the allegations in the light most favorable to the non-moving party. *See id.* The pleadings include the complaint, the answers, and any documents attached thereto as exhibits. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998); *Wright v. Assoc'd. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (stating that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim"). The Court may also take judicial notice of matters of public record and not subject to reasonable dispute. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) (citations omitted). Furthermore, "[a] judgment on the pleadings is proper when only questions of law, and not questions of fact, exist after the pleadings have been filed." *All Am. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000).

Generally, the Court will presume the facts as alleged by Plaintiff to be true, but it is not bound by Plaintiff's legal characterization of facts. *See Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of Plaintiff. *See Esekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

Under the Supreme Court's directive in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to survive a motion to dismiss for failure to state a claim upon which relief

may be granted, a plaintiff must provide the grounds for his entitlement to relief with more than labels, conclusions or a formulaic recitation of the elements of a cause of action. *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "allegations must be enough to raise a right to relief above the speculative level." *Id.* The touchstone is whether the Complaint gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Legal conclusions or conclusory allegations are insufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

When assessing a claim made under the FDCPA, the Court must "view the claim through the eyes of an 'unsophisticated debtor.'" *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) (quoting *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994)). When looking specifically at a Section 1692g claim, whether a debt collector's notice would be confusing to an unsophisticated consumer is a question of fact. *See McMillan*, 455 F.3d at 758; *see also*, *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007) (stating that the deceptive character of a debt collector's dunning letter is viewed as a question of fact in the Seventh Circuit, despite other circuits evaluating it as a question of law); *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). "However, as a matter of law, [the Court] shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter." *McMillan*, 455 F.3d at 758. A debt collector's notice will not be deemed a violation of Section 1692g, "unless 'a significant fraction of the population would be … mislead'" by the notice. *Id*. (quoting *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005)).

Because the Seventh Circuit treats confusion under Section 1692g as a question of fact, "dismissal is typically not available under 12(b)(6) [or Rule 12(c)], which is appropriate only when there is no set of facts consistent with the pleadings under which the plaintiff could obtain relief." *McMillan*, 455 F.3d at 759.  The Seventh Circuit has cautioned district courts against determining whether a debt collector's communication is confusing as a matter of law under the FDCPA because "'district court judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects.'" *Id.* (quoting *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501-503 (7th Cir. 1999)).

Although the Defendants argue that the Letters are sufficiently clear to find that an unsophisticated consumer could not be confused by the text of the Letters as a matter of law, the Court is not persuaded by this argument.  Based upon the text of the Letters, without more, a significant fraction of the population could question whether the current creditor is Jefferson Capital, Fenton & McGarvey, or Comenity Bank without requiring a "bizarre, peculiar, or idiosyncratic interpretation."  *See McMillan*, 455 F.3d at 758.  Accordingly, the Court finds that the violation of Section 1692g alleged in the Complaint is a question of fact and, therefore, cannot dismiss the Complaint for failure to state a claim.

## IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Judgment on the Pleadings.

IT IS SO ORDERED this 9th day of December, 2016.

*[signature]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angiekrobertson@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

David M. Schultz
HINSHAW & CULBERTSON, LLP
dschultz@hindshawlaw.com

James Constantine Vlahakis
HINSHAW & CULBERTSON, LLP
jvlahakis@hindshawlaw.com

Jennifer Jay Kalas
HINSHAW & CULBERTSON, LLP
jkalas@hindshawlaw.com

Michael D. Slodov
SESSIONS FISHMAN NATHAN & ISRAEL LLC
mslodov@sessions.legal