UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANET LONG, individually and on behalf of all others similarly situated,  )<br>)<br>) <br>Plaintiff,  )<br>)  No. 1:15-cv-01924-LJM-DML<br>vs.  )<br>)<br>FENTON & MCGARVEY LAW FIRM  )<br>P.S.C., a Kentucky corporation, and  )<br>JEFFERSON CAPITAL SYSTEMS, LLC, a  )<br>Georgia limited liability company,  )<br>)<br>Defendants.  ) | |

### ORDER ON PLAINTIFF'S AMENDED MOTION TO CERTIFY CLASS

This action is now before the Court on Plaintiff's, Janet Long, individually and on behalf of herself and all others similarly situated ("Plaintiff"), Amended Motion to Certify Class (the "Motion"). Dkt. No. 33. Plaintiff seeks to demonstrate that all of the pre-requisites for class certification pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure ("Rule 23(a)" and "Rule (b)(3)," respectively) are satisfied. Defendants, Jefferson Capital Systems LLC ("Jefferson Capital") and Fenton & McGarvey Law Firm P.S.C. ("Fenton & McGarvey," and collectively, the "Defendants")[1], however, oppose Plaintiff's Motion by asserting that (1) Plaintiff lacks standing to have commonality with the claims of the putative class members, and (2) the putative class members' individual

---

[1] Jefferson Capital and Fenton & McGarvey each submitted responses opposing Plaintiff's Amended Motion to Certify Class on June 7, 2016. Because Fenton & McGarvey's response adopts and incorporates the response of Jefferson Capital and elaborates on the same arguments addressed by Jefferson Capital, Dkt. No. 51, the Defendants' responses opposing Plaintiff's Amended Motion to Certify Class will be treated as a singular response for the purposes of this Order.

1

claims predominate over any common claims of the class. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND & ARGUMENTS

In 2015, Plaintiff fell behind on her credit card payments for credit cards created through Comenity Bank. Dkt. No. 1, ¶ 7. Plaintiff believes that Jefferson Capital acquired the debts she owed to Comenity Bank after her debts became delinquent. *Id.* After being hired by Jefferson Capital to help collect on the debts that Jefferson Capital owned, Fenton & McGarvey sent Plaintiff two initial form collection letters (the "Letters") on August 19, 2015, which stated, "Please be advised that Fenton & McGarvey Law Firm, P.S.C. has been retained by Jefferson Capital Systems, LLC to collect its account with you." *Id.* at ¶ 7; Exs. A & B. The Letters further declared that the "original creditor" for the debts was Comenity Bank. *Id.* The body of the Letters made no other references to Jefferson Capital, Comenity Bank, or Fenton & McGarvey. *Id.*

Plaintiff alleges that the Letters failed to sufficiently explain (1) Jefferson Capital's relationship to the debts, (2) the distinction between Jefferson Capital and Comenity Bank, and (3) Jefferson Capital's reasoning for retaining Fenton & McGarvey to collect the debts. *Id.* at ¶ 7. In light of this lack of explanation, Plaintiff claims that the Letters would confuse a consumer and "would cause a consumer to not know to whom the debts were currently owed." *Id.* at ¶ 8. Plaintiff further alleges that the Letters violate 15 U.S.C. § 1692g of the FDCPA ("Section 1692g") because the Letters "failed to identify effectively that [Jefferson Capital] was the current creditor to whom the debt was owed," rendering the Defendants liable to Plaintiff for statutory damages and other relief. Dkt. No. 1, ¶¶ 12-13.

Plaintiff requests that the Court allow her to represent a class with the following definition:

> All persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Comenity Bank credit card account, via the same form collection letter that Defendants sent to Plaintiff from one year before the date of the Complaint to the present.

Dkt. No. 34 at 3.  Plaintiff asserts that all the pre-requisites for class certification pursuant to Rules 23(a) and (b)(3) are met.

Specifically, as to numerosity, the parties agreed that the proposed class would consist of approximately 760 people.  *Id*. at 4-5; Pl.'s Ex. 2, David J. Philipps Decl. ¶ 13; Dkt. No. 48 at 18.  With respect to commonality, or issues that are common amongst putative class members, Plaintiff asserts that there are at least two issues common to each class member: (1) "whether Defendants' collection letters violate the FDCPA"; and (2) "the appropriate relief to be awarded."  Dkt. No. 34 at 5.  Similarly, Plaintiff states that her claims are typical of the class "because they are brought pursuant to the FDCPA, relate to the identical form debt collection letter, and involve the same course of conduct by Defendants."  *Id.* at 6.  In regards to adequacy of representation, Plaintiff asserts that her claims are identical, rather than antagonistic, to those of the class, and avers that she has sufficient interest in the outcome to ensure vigorous advocacy.  *Id.* at 7.  Plaintiff's counsel is also highly experienced in bringing class claims pursuant to the FDCPA.  *Id.* at 7; David J. Philipps Decl.  Finally, Plaintiff asserts that questions of law or fact common to the members of the class predominate over any questions affecting individual class members and that a class action is superior to any alternative adjudication methods

because "liability to each class member is based on the form debt collection letter all members of the proposed class received."  Dkt. No. 34 at 7-8.

Defendants primarily argue that Plaintiff lacks commonality with the putative class members because Plaintiff did not allege an actual injury resulting from the Letters and therefore lacks Article III standing to bring her claims.  Dkt. No. 48 at 14-16.  Defendants similarly argue that the class is not ascertainable because individual questions regarding each class member's understanding of Defendants' form communication letters predominate over any common questions of law and fact.  *Id.* at 16-18.  Defendants do not challenge that Plaintiff meets any of the other pre-requisites set forth in Rule 23(a).  *See generally*, Dkt. No. 48 & 51.

## II. **DISCUSSION**

The standards for class certification are found in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  Rule 23 provides that a named party may sue on behalf of individuals who are similarly situated if six requirements are met: (1) the class is so numerous that joinder of all putative class members is impracticable ("numerosity"); (2) there are questions of law or fact common to the putative class members ("commonality"); (3) the claims or defenses of the named plaintiff are typical of the claims or defenses of the putative class members ("typicality"); (4) the named plaintiff will fairly and adequately protect the interests of the class; (5) questions of law or fact common to the putative class members predominate over any questions affecting only individual putative class members; and (6) a class action is superior to other available methods to fairly and efficiently adjudicate the controversy.  Fed. Rs. Civ. P. 23(a) & 23(b)(3); *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 811 (7th Cir. 2012).  In determining whether

4

or not to certify this class, the Court must take into consideration any evidence submitted by the parties, including any exhibits. *Messner*, 669 F.3d at 811.

### A. COMMONALITY

The claim Plaintiff raises in the Complaint is a simple one: Does the letter she received from Defendants violate Section 1692g? Section 1692g requires that, within five days of Defendants' first communication to a consumer, Defendants had to provide the consumer with an effective validation notice, containing, among other disclosures "(2) the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

With respect to commonality, Defendants argue that Plaintiff's claims cannot be common with those of the putative class members because Plaintiff lacks Article III standing in light of the recent Supreme Court decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Dkt. No. 48 at 14-16. The Court previously addressed the issue of Article III standing as it pertains to Plaintiff in its Order on Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Judgment on the Pleadings (the "Order on Motion to Dismiss") and found that Plaintiff alleged a concrete injury in fact sufficient for Article III standing by alleging a violation of the FDCPA. *See* Dkt. No. 91 at 3-7. Because Plaintiff has sufficient standing to bring her claims under the FDCPA, she shares common claims with the putative plaintiffs as required to represent the class and to meet the commonality pre-requisite of Rule 23(a).

### B. PREDOMINATION

Another consideration is the Rule 23(b)(3) factors of whether or not common questions of law and fact predominate over any individualized questions and whether or not a class action is a superior method to adjudicate the claims of the class members. In

the context of Plaintiff's FDCPA claim, the key issue in the case—whether or not the letter violates the FDCPA—is identical as to each putative plaintiff.

Although Defendants argue that liability under the FDCPA should be based on each putative class member's understanding of Defendants' form collection letter, the Court cannot employ such a subjective standard when determining whether a communication violates the FDCPA.  Instead, as stated in the Order on Motion to Dismiss, Dkt. No. 91, the Court must view alleged violations of the FDCPA "through the eyes of an 'unsophisticated debtor.'"  *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) (quoting *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994)); Dkt. No. 91 at 9.  Because the unsophisticated consumer standard is used to determine whether a debt collector's communication violates the FDCPA, rather than the subjective level of understanding of each putative plaintiff, the violation of the FDCPA alleged in this instance can be readily addressed in the class context.

### III.  **CONCLUSION**

For the reasons stated herein, the Court **GRANTS** Plaintiff Janet Long's Amended Motion to Certify Class.  Dkt. No. 33.

The following class is hereby CERTIFIED:

All persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Comenity Bank credit card account, via the same form collection letter that Defendants sent to Plaintiff from one year before the date of the Complaint to the present.

IT IS SO ORDERED this 14th day of December, 2016.

Distribution attached.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angiekrobertson@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

David M. Schultz
HINSHAW & CULBERTSON, LLP
dschultz@hindshawlaw.com

James Constantine Vlahakis
HINSHAW & CULBERTSON, LLP
jvlahakis@hindshawlaw.com

Jennifer Jay Kalas
HINSHAW & CULBERTSON, LLP
jkalas@hindshawlaw.com

Michael D. Slodov
SESSIONS FISHMAN NATHAN & ISRAEL LLC
mslodov@sessions.legal